**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cheryl Brands, | ) | No. CV 08-8143-PCT-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Lakeside Fire District et al., | ) | |
| Defendants. | ) | |

Before the Court is Defendant Lakeside Fire District's (the "District") Motion for Reconsideration (doc. # 74).

The Court will ordinarily deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. LRCiv 7.2(g)(1). There are no new facts or legal authority that could not have been brought to the Court's attention with reasonable diligence in the District's Motion for Summary Judgment.

The District also has not made a showing that the Court committed manifest error. In its Motion for Summary Judgment, the District did not contend that Brands was not subjected to a pattern of discriminatory treatment or that a reasonable employee, in Brands's shoes, would not have felt forced to quit. The District instead argued that the Board had no obligation to respond to Brands's complaints because the Board was not

Brands's employer, Chief Mineer was.  The District further argued that state law does not give Board members or anyone else the power to discipline or control a Board member.

The District ultimately admitted, however, that it was Brands's employer.  The Court denied the District's Motion for Summary Judgment because there was no authority for the proposition that no one other than Chief Mineer had an obligation to take action in response to Brands's complaints.  State law may prevent the District from controlling the members of the Board.  However, the implication is not that the District can escape Title VII liability when a member of the Board harasses a District employee.  The District cannot get around the requirements of Title VII by simply structuring itself in a way that enables the members of its Board to act with impunity.

Brands did not move for summary judgment on the question of the District's liability.  The District is therefore not precluded from arguing at trial that Brands was not subject to discrimination, that a reasonable person in Brands's shoes would not have felt the need to quit, or that its response to Brands's complaints was reasonable.  However, the Court does not view the purported inability of the District to control McNeil as a defense to liability.  It would be premature for the Court to say whether Brands would be entitled to a jury instruction to that effect.

IT IS THEREFORE ORDERED that the District's Motion for Reconsideration (doc. # 74) is denied.

DATED this 14th day of June, 2010.

_____
Neil V. Wake
United States District Judge